KLEES, Judge.
Plaintiff appeals the dismissal of her action for injuries she allegedly suffered as a result of the extraction of her tooth. We affirm.
On the evening of March 17, 1982, plaintiff went to Dr. Samuel Felton complaining of a toothache. After determining that one of plaintiff’s molars needed to be removed, Dr. Felton gave her an injection of anesthetic to deaden that area of her mouth. His first attempt to remove the tooth was unsuccessful, but after a second injection, Dr. Felton successfully extracted the tooth and sent the plaintiff home with pain medication. Plaintiff now claims that she has suffered permanent numbness of the left side of her tongue and inner mouth as a result of defendant’s negligence in performing this extraction.
Trial on the merits was held on September 22, 1986. The evidence introduced at trial consisted of the testimony of plaintiff and her husband, as well as the testimony of five experts (one by deposition) in general dentistry. The defendant was also qualified as an expert in general dentistry. The burden of proof in an action such as this is as follows:
It [is] necessary for plaintiff to prove in a malpractice action based on the negligence of a dentist licensed under L.R.S. 37:751 that: (1) the degree of knowledge or skill possessed or the degree of care ordinarily exercised by dentists practicing in the same community or locality to that in which the defendant practices; (2) the defendant either lacked this degree of knowledge or skill or failed to use reasonable care and diligence, along with his best judgment in the application of that skill; and (3) as a proximate result of this lack of knowledge or skill or the failure to exercise this degree of care, the plaintiff suffered injuries that would not otherwise have occurred.
Lazar v. Federal Ins. Co., 380 So.2d 719, 721 (La.App. 4th Cir.1980).
*885 At trial, plaintiff attempted to prove that defendant’s conduct, particularly his failure to take a pre-extraction x-ray, fell below the standard of care ordinarily exercised by dentists in the community. Three of the five experts, two of whom were defendant’s experts, testified that the failure to take an x-ray before extracting a molar under these circumstances constituted a breach of that standard of care. There was no evidence of any other improper conduct or lack of care on the part of the defendant, and all five experts agreed that the mere fact that plaintiff suffered permanent numbness of a part of her tongue and mouth following the extraction did not necessarily mean that defendant had breached the standard of care.
Those experts who felt that an x-ray was required agreed that the x-ray was necessary for proper extraction of the tooth, but not for giving the anesthetic injection. In fact, there was uncontradicted evidence to the effect that an x-ray would not be at all helpful in giving the injection, and that it was possible for nerve damage to result from such an injection even if the dentist had done everything correctly.
With regard to plaintiff’s specific complaints, all the experts agreed that it was impossible to tell whether plaintiff’s injuries resulted from the anesthetic injection or from the actual extraction of the tooth. Moreover, four of the five stated that plaintiff’s symptoms, especially the numbness in her tongue, are consistent with damage done to the lingual branch of the alveolar nerve, which is much more likely to have occurred during the giving of the injection than during the extraction. These same experts testified that tongue numbness would not result from damage to the mandibular branch of that nerve, which is the branch most likely to be affected by a very forceful or otherwise improper extraction of this particular molar.
In view of this testimony, the trial judge was correct in concluding that plaintiff failed to meet her burden of proof. The only breach of care even arguably shown was defendant’s failure to take an x-ray, which is a failure to exercise proper care in the extraction procedure, but is not related to the giving of the anesthetic injection. However, plaintiff failed to prove that this alleged breach was the proximate cause of her injuries, as no expert could testify that plaintiff’s symptoms were caused by the extraction rather than by the injection. Therefore, it cannot be said that the exercise of proper care, i.e., the taking of an x-ray, would have prevented the damage.
Accordingly, we find no manifest error in the judgment of the trial court, and therefore affirm that judgment.
AFFIRMED.